# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ALEX ROSENBERG and NATHAN
DOROUGH, on behalf of themselves and
others similarly situated,

                                       Case No.:

        Plaintiff,

vs.

ACTION TOWING,INC., and JOHN
LAVO, individually,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ALEX ROSENBERG and NATHAN DOROUGH ("Plaintiffs"), on behalf of themselves and other similarly situated employees, brings this action for minimum wage age, unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA") against ACTION TOWING, INC., (the "Company"), a Florida for profit company, and JOHN LAVO individually ("Lavo") and (collectively "Defendants") and alleges:

### JURISDICTION AND VENUE

1.     This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages and overtime, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs and relief as available under Florida common law.

2.     The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331

and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this Court because the violations of the FLSA occurred in this Judicial District.

## PARTIES

4.      Plaintiffs were employed by Defendants as tow truck drivers and performed related activities for Defendants in and around Hillsborough County, Florida.

5.      Defendant, ACTION TOWING, INC.,  is a Florida corporation licensed to do business in Florida that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore within the jurisdiction of this Court.

6.      At all times relevant to this action, Lavo was a resident of the State of Florida, who owns and operates the Company and who regularly exercised the authority to: (a) hire and fire employees of the Company; (b) determine the work schedules for the employees of the Company; and (c) control the finances and operations of the Company and (d) dictate and implement the company's pay practice. By virtue of having regularly exercised that authority on behalf of the Company, Lavo is an employer as defined by 29 U.S.C. § 201, et seq.

## STATEMENT OF FACTS

7.      This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8.      This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9.      At all material times relevant to this action, the Company was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

10.     Defendants operate a tow truck business in and around Hillsborough County and surrounding counties. At all material times relevant to this action, Defendants had gross revenues of

at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. Defendants' employees handle and otherwise work on goods that have been moved in or produced for commerce. For example, employees employed by Defendants handle or work on goods that have been moved or produced for commerce such as vehicles, tow trucks, computers, telephones and other items which originated from outside the state of Florida.

11.    As a tow truck driver who never left the state of Florida, Plaintiff was not exempt from the minimum wage and overtime requirement of the FLSA.

12.    By Plaintiff's estimates, he routinely worked 70 hours or more in a work week.   In many weeks Plaintiff was not paid minimum wage for all the hours worked in violation of 29 U.S.C. §206.

13.    At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiffs overtime wages for those hours worked in excess of forty (40) within a work week.

14.    During their employment with Defendant, Plaintiffs were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

15.    Plaintiffs were never paid at one and one half times their regular rate of pay for all hours worked over forty.

16.    Upon information and belief, many of the records, to the extent that any exist concerning the number of hours worked and amounts paid to Plaintiffs, are in the possession, custody and control of the Defendants.

17.     Upon information and belief, Defendants did not rely on any Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

18.     Defendants knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act.

19.     All conditions precedent to this action has been met or has been waived.

20.     Plaintiff has retained the undersigned law firm and is obligated to pay the firm a reasonable fee.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE**

21.     Plaintiffs readopt and reincorporate all allegations contained in Paragraphs 1- 20 above as if stated fully herein.

22.     At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

23.     At all relevant times, Defendants employed Plaintiffs.

24.     Defendants' failure to pay Plaintiffs the full minimum wage is a violation of 29 U.S.C. § 206.

25.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26.     In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiffs.

27.     Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiffs.

28.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs the full and complete minimum wage for each hour worked, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

29.     As a result of Defendants' reckless disregard of the FLSA, Plaintiffs are entitled to liquidated damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for the payment of all hours at minimum wage for the hours worked by them but Defendants failed to pay them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

<u>COUNT II</u>
<u>FAILURE TO PAY MINIMUM WAGE – COLLECTIVE ACTION</u>
(Failure to Pay Minimum Wage)

30.     Plaintiffs readopt and reincorporate all allegations contained in Paragraphs 1-20 above as if stated fully herein.

31.     At all times material, Defendants employed other tow truck drivers who were similarly situated to Plaintiffs.

32.     Throughout their respective employment, individuals similarly situated to Plaintiffs were subject to Defendants' unlawful pay practices.

33.     Specifically, Defendants failed to pay such similarly situated individuals the minimum wage required pursuant to the FLSA.

34.     Defendants' failure to pay such similarly situated individuals the required minimum wage was in reckless disregard of the FLSA.

35.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

36.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs the full and complete minimum wage for each hour worked, Plaintiffs have suffered

damages, plus incurring reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs demands judgment against Defendants for the payment of minimum wage pay for the hours worked by them but for which Defendants failed to pay them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

**COUNT III**
**RECOVERY OF OVERTIME COMPENSATION**

37.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-20 above.

38.     Plaintiffs were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

39.     During their employment with Defendants, Plaintiffs regularly worked overtime hours but were not paid time and one-half compensation for the same.

40.     As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages and incurred reasonable attorneys' fees and costs.

41.     Defendants were aware  that Plaintiffs performed non-exempt job duties but still failed to pay Plaintiffs overtime for hours worked in excess of forty (40) per week.

42.     Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiffs.

43.     Defendants failed to post required FLSA informational listings as required by the FLSA.

44.     Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

45.     Defendants willfully violated the FLSA.

46.     Plaintiffs are entitled to liquidated damages.

47.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by for which Defendant failed to compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief as this Court deems to be just and appropriate.

### COUNT IV
### FAILURE TO PAY OVERTIME WAGES – COLLECTIVE ACTION
### (Failure to Pay Overtime Wages)

48.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-20 above.

49.     At all times material, Defendants employed numerous other non-exempt employees who worked as tow truck drivers and who worked a substantial number of hours in excess of forty (40) per week.

50.     Throughout their employment, those tow truck drivers similarly situated to Plaintiffs were subject to the same unlawful pay practices.

51.     Defendants failed to pay those individuals, who are similarly situated to Plaintiffs, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

52.     Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

53.     As a direct and legal consequence of Defendants unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiffs demand that similarly situated employees have judgment entered against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked over forty for which Defendants failed to pay them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 2nd day of March, 2020.

MORGAN & MORGAN, P.A.

*/s/ Brianna A. Jordan*
**BRIANNA A. JORDAN**
Florida Bar Number: 1000982
**Morgan & Morgan, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Direct No. 813-393-5457
Facsimile: 813-393-5481
E-mail: bjordan@forthepeople.com
***Attorney for Plaintiffs***