UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEX ROSENBERG and NATHAN
DOROUGH, on behalf of
themselves and those similarly situated


       **Plaintiffs,**

v.                                   **CASE NO.: 8:20-cv-494-T-33SPF**

ACTION TOWING INC., OF
TAMPA, A Florida Corporation,
and JOHN LAVO individually

       **Defendants.**

_____/


**DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES**

      COMES NOW, Defendants **ACTION TOWING INC., OF TAMPA, A Florida Corporation, ("Action Towing") and JOHN LAVO, ("Lavo")** by and through their undersigned counsel and pursuant to Local Rules for the Middle District of Florida and the Federal Rules of Civil Procedure hereby file their Answer to Plaintiff's Complaint and state as follows:

1.  Defendants admit that Plaintiff purports to state a claim under the FLSA; otherwise the allegations contained in Paragraph 1 of Plaintiff's Complaint are unknown and hereby denied.

2. Defendants admit the allegations in Paragraph 2 of the Complaint for jurisdictional purposes only; otherwise the allegation in Paragraph 2, whether inferred or implied are denied.

3. Defendants admit the allegations in Paragraph 3 of the Complaint for venue purposes only; otherwise the allegation in Paragraph 3, whether inferred or implied are denied.

4. Defendants admit the allegations in Paragraph 4 of the Complaint as to Action Towing, Inc.; otherwise the allegation in Paragraph 4, whether inferred or implied are denied.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants deny that Lavo set work schedules; otherwise the allegations in Paragraph 6 of the Complaint are unknown to Defendants and therefore denied.

7. Defendants admit that Plaintiff purports to state a claim pursuant to  the FLSA in paragraph 7 of the Complaint; otherwise denied.

8. Defendants admit the allegations in Paragraph 8 of the Complaint for jurisdictional purposes only; otherwise the allegation in Paragraph 8, whether inferred or implied are denied.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint as to Action Towing, Inc.; otherwise the allegation in Paragraph 10, whether inferred or implied are denied.

11. The allegations in Paragraph 11 of the Complaint are unknown to Defendants and therefore denied.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants admit that Action Towing, Inc possesses certain relevant records; otherwise the allegations in Paragraph 16 of the Complaint, whether inferred or implied are denied.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint in that Defendants conduct complied with the FLSA.

19. The allegations in Paragraph 19 of the Complaint are unknown to Defendants and therefore denied.

20. The allegations in Paragraph 20 of the Complaint are unknown to Defendants and therefore denied.

21. Defendants reincorporate and restate herein the answers contained in Paragraphs 1 through 20 above.

22. Defendants admit the allegations in Paragraph 22 of the Complaint as to Action Towing, Inc.; otherwise the allegation in Paragraph 22, whether inferred or implied are denied.

23. Defendants admit the allegations in Paragraph 23 of the Complaint as to Action Towing, Inc.; otherwise the allegation in Paragraph 23, whether inferred or implied are denied.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants reincorporate herein the answers contained in Paragraphs 1 through 20 above.

31. Defendants admit the allegations in Paragraph 31 of the Complaint as to Action Towing, Inc.; otherwise the allegation in Paragraph 31, whether inferred or implied are denied.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants reincorporate and restate herein the answers contained in Paragraphs 1 through 20 above.

38. Defendants admit the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants reincorporate and restate herein the answers contained in Paragraphs

   1 through 20 above.

49. Defendants admit that Action Towing, Inc. employed tow truck drivers;

   otherwise the allegation in Paragraph 49, whether inferred or implied are denied.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.


## AFFIRMATIVE DEFENSES

1.   As a first affirmative defense, the Defendants aver that the Plaintiff has failed to

state a claim pursuant to the FLSA upon which relief can be granted.

2.   As a second affirmative defense, Plaintiff is barred by the applicable statute of

limitations for each claim. 29 U.S.C. §255(a) bars the Plaintiff from seeking damages

for more than two years prior to the filing of this lawsuit, as any alleged violation by

Defendants was not willful.

3.   As a third affirmative defense, the Defendants aver that at all times relevant

herein, it acted in good faith and had reasonable grounds for believing its conduct was

in compliance with the FLSA pursuant to 29 U.S.C. §260, thereby precluding any award of liquidated damages to Plaintiff.

4.   As a fourth affirmative defense, the Defendants aver they are relieved from recording and can disregard any and all insubstantial or insignificant periods of time that Plaintiffs may have worked beyond scheduled working hours pursuant to the regulation and interpretive bulletins of the Department of Labor set forth at 29 C.F.R. §785.47.

5.   As a fifth affirmative defense, Defendants state that they are entitled to offset of any unpaid FLSA overtime amounts by compensation paid in excess of the hours actually worked by the Plaintiffs for Action Towing, Inc.

6.   As a sixth affirmative defense, Defendants state that to the extent Plaintiffs obtain any recovery based on his FLSA claims, Plaintiffs are nevertheless not entitled to an award of costs and attorney's fees based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162 (S.D. Fla. 2003).

7.   As a seventh affirmative defense, Defendants state that Plaintiffs' claims are barred in whole or part by the exemptions and exclusions provided for under the FLSA.

8.   As an eighth affirmative defense, Defendants aver that Plaintiffs' claims are barred to the extent that hours worked by Plaintiff, if any, over forty in any particular workweek was without the knowledge, either constructive or actual, of Defendants.

9.   As a ninth affirmative defense, Defendants aver that Plaintiffs were not covered by the overtime provisions of the FLSA.

10.   Defendants reserve the right to amend or supplement these affirmative defenses

**WHEREFORE**, the Defendants having fully answered the Plaintiff's Complaint and raised Affirmative Defenses hereby requests that this Honorable Court enter an Order dismissing the lawsuit by Plaintiffs against Defendants with prejudice and grant any other relief that the Court deems just and proper.

March 25, 2020

Respectfully submitted,

/s/ Robert Blanchfield
Robert E. Blanchfield, Esquire
Florida Bar Number: 0361800
bob@blanchfieldlawfirm.com.
**ROBERT BLANCHFIELD, P.A.**
127 West Fairbanks Ave.
Winter Park, Florida  32789
(407) 497-0463
Counsel for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of March 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter.

/s/ Robert Blanchfield
Attorney

7