UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEX ROSENBERG and
NATHAN DOROUGH, on behalf
of themselves and others
similarly situated,

    Plaintiffs,

v.                                                  Case No. 8:20-cv-494-T-33SPF

ACTION TOWING, INC.,
and JOHN LAVO,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement (Doc. # 23), filed on June 18, 2020. The Court grants the motion.

**I.  Background**

Plaintiffs Alex Rosenberg and Nathan Dorough filed this Fair Labor Standards Act (FLSA) case against their former employer on March 3, 2020, alleging violations of the overtime provisions of the FLSA. (Doc. # 1). On March 11, 2020, the Court entered its FLSA Scheduling Order. (Doc. # 9). Defendants Action Towing, Inc., and John Lavo filed their answer on March 25, 2020. (Doc. # 10). On June 4, 2020, the parties reached a settlement before court-appointed mediator

Mark Hanley. (Doc. # 21). At the Court's direction, the parties now seek approval of the settlement. (Doc. ## 22, 23).

## II. Discussion

Plaintiffs allege that Defendants violated the overtime provisions of the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties reached a settlement at mediation wherein it was agreed that Plaintiffs will each receive $5,750.00 for back wages, $5,750.00 in liquidated damages, and $500 in consideration for a general release, for a total payment of $12,000.00 to each Plaintiff. (Doc. # 23 at 5). Plaintiffs acknowledge that "the settlement amount represents full compensation for the FLSA claims for all alleged unpaid wages." (Id. at 3).

The parties have also agreed that Plaintiffs' counsel will receive $7,500 in attorney's fees and costs. (Id. at 5). In the motion, the parties represent that this amount "was negotiated independently of the amounts to be paid to Plaintiffs" and that Plaintiffs "agree that the amount of fees and costs to be paid to their attorney is both fair and reasonable." (Id.).

The Court must consider several factors in deciding whether to approve a settlement agreement in an FLSA case. As explained in <u>Bonetti v. Embarq Management Company</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> if the parties submit a proposed FLSA settlement that,(1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Pursuant to <u>Bonetti</u>, 715 F. Supp. 2d at 1228, and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case. The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The parties' Joint Motion to Approve Settlement (Doc. # 23) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE**.

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of June, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE